J-S47024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IAN BRADLEY CORBIN II | : | |
| | : | |
| Appellant | : | No. 903 EDA 2025 |

Appeal from the PCRA Order Entered March 11, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003456-2019

BEFORE:  PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 28, 2026**

Appellant, Ian Bradley Corbin, II, appeals *pro se* from the order entered on March 11, 2025, dismissing, without prejudice, his petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] for a lack of jurisdiction.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On June 3, 2022, a jury convicted Appellant of possession of drug paraphernalia, 35 P.S. § 780-113(a)(32).[2]  On June 13, 2022, the trial court entered an order sentencing Appellant to six to 12 months of imprisonment,

_____

[1]  42 Pa.C.S.A. §§ 9541-9546.

[2]  The trial court initially appointed counsel to represent Appellant at trial, but Appellant requested the withdrawal of counsel by *pro se* motion filed on December 31, 2019.  On June 16, 2020, following a hearing, the trial court entered an order allowing original counsel to withdraw but it appointed standby counsel.  Appellant has represented himself *pro se* since.

concurrent to a previously imposed sentence. Appellant filed untimely *pro se* post-sentence motions, which were denied by order entered on June 30, 2022.

On July 28, 2022, Appellant filed a *pro se* notice of appeal which was docketed at this Court at 1886 EDA 2022. Although the trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant filed a *pro se* concise statement on September 20, 2022. As the trial court notes, however, Appellant did not properly serve his concise statement on the trial court.[3]  **See** Trial Court Opinion, 2/28/2023, at 5. Thereafter, on January 6, 2023, this Court sent correspondence to the trial court inquiring about the status of the appeal. "Based upon a review of the trial and appellate dockets, [trial court] staff learned of the un-served [c]oncise [s]tatement and the fact that [Appellant's direct] appeal was still pending."[4] **Id.** at 6. Accordingly, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 28, 2023, addressing the ten issues presented in the Rule 1925 statement Appellant filed *pro se* on September 20, 2022. The trial court order also transmitted the certified record to this Court.

---

[3]  Where a trial court orders a litigant to file a concise statement, Pennsylvania Rule of Appellate Procedure 1925(b)(1) requires service upon the trial court.

[4]  The trial court noted that Appellant "is currently litigating another conviction on appeal" and has filed serial *pro se* appeals "and there was confusion as to which appeal[] he was actually pursuing[.]" Trial Court Opinion, 2/28/2023, at 2, n.1.

On April 7, 2023, Appellant filed another *pro se* notice of appeal purporting to appeal from the trial court's 1925(a) opinion. On April 17, 2023, this notice of appeal was dismissed as duplicative. On May 17, 2023, Appellant filed a *pro se* application for specialized review and emergency relief with this Court. By *per curiam* order entered on July 5, 2023, this Court remanded the case, but retained jurisdiction and directed the trial court "to provide Appellant … with any requested documents and notes of testimony that the trial court deem[ed] necessary and relevant to allow for a complete and judicious assessment of the issues raised on appeal" and include them in the certified record. Superior Court Order, 7/7/2023, at 1. The trial court transmitted a supplemental record to this Court on July 13, 2023. On September 13, 2023, this Court dismissed Appellant's direct appeal for failure to file a brief.[5] On September 20, 2023, however, Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, docketed at 491 MAL 2023, challenging this Court's September 13, 2023 dismissal order. Our Supreme Court denied further review by order entered on February 20, 2024. *See Commonwealth v. Corbin*, 313 A.3d 943 (Pa. 2024). On February 29, 2024, Appellant filed a *pro se* application for specialized review

---

[5] By *per curiam* order filed on November 9, 2023, however, we reinstated Appellant's direct appeal and ordered the trial court "to provide Appellant with the supplemental record that the trial court transmitted to the Superior Court on July 13, 2023, within thirty (30) days[.]" Superior Court Order, 11/9/2023, at 1. The order further directed that Appellant's appellate brief with this Court be filed within 90 days. *Id.* Appellant, however, did not file an appellate brief in support of his direct appeal.

and emergency relief with this Court. By *per curiam* order entered on April 3, 2024, we denied relief "without prejudice to apply to the Court of Common Pleas for relief under" the PCRA. Superior Court Order, 4/3/2024. Upon review of the dockets, the certified record in this matter was eventually remitted to the trial court on April 29, 2025.

In the interim, on February 6, 2025, Appellant filed a *pro se* PCRA petition with the trial court. The trial court noted that jurisdiction was divested pending the exhaustion of Appellant's direct appeal rights and the final remittance of the certified record to the trial court. Trial Court Order, 3/11/2025, at 2 n.1, *citing* Pa.R.A.P. 1701(a) and Pa.R.A.P. 2572. Accordingly, the trial court dismissed Appellant's PCRA petition without prejudice by order dated March 11, 2025, because it had "yet to receive an order or certificate of remittal from the Superior Court indicating that [] jurisdiction ha[d] been relinquished and that the [prior direct appeal] ha[d] been remanded[.]" **Id.** at 1 n.1. **Id.** at Docketed at 903 EDA 2025, this appeal resulted wherein which Appellant challenges the dismissal order denying PCRA relief.[6]

_____

[6] Appellant filed a *pro se* notice of appeal on April 7, 2025. On April 9, 2025, the trial court directed Appellant to file a Rule 1925(b) concise statement. Appellant complied timely. Therein, Appellant asserted that the trial court wrongly dismissed his PCRA petition and asked for recusal. *Pro Se* Rule 1925(b) Statement, 4/23/2025, at ¶ 13(I) and (II). The trial court filed a Rule 1925(a) opinion on April 29, 2025, requesting we quash the appeal or affirm the dismissal of Appellant's PCRA petition because the case had not been remanded by the appellate courts following the Supreme Court's denial of relief on Appellant's petition for allowance of appeal.

On appeal, Appellant argues that the trial court "wrongfully dismissed [his] PCRA petition" and asks for recusal of the trial court judge. Appellant's *Pro Se* Brief at 4; *see also id.* at 11 (asserting the trial court "erroneously dismissed a timely first petition for Post-Collateral Relief" and seeking recusal because the trial court's "actions resulted in the delay, denial, and deprivation of Appellant's due process rights to challenge his arrest, trial, conviction, judgment of sentence and other collateral effect[s] he is entitled to by means of the PCRA"). At the time that he filed his brief with this Court, Appellant acknowledged that this Court's docket reflected that "the Superior Court [was] currently awaiting a decision in the Supreme Court appeal at 491 MAL 2023" as detailed above. *Id.* at 16. Appellant argues, however, that "the Supreme Court appeal at 491 MAL 2023 [was] concluded on February 20, 2024" and there were no notations on the docket of either this Court or our Supreme Court remitting the certified record to the trial court. *Id.* Appellant suggests that there was a judicial breakdown regarding remittance which contributed to the delay and deprived him of his rights. *Id.* As such, Appellant asks that "the appellate courts remand the record to the lower court [] to proceed with, or dispose of, the PCRA action according to law." *Id.* Moreover, Appellant contends that the trial court and "the entire thirty-first judicial district's impartiality and impropriety" requires recusal. *Id.* at 17.

Our Court recently determined:

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal

- 5 -

error." ***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation omitted). This Court applies a *de novo* standard of review to the PCRA court's legal conclusions. ***See Commonwealth v. Hutchinson***, 25 A.3d 277, 284 (Pa. 2011).

Whether a PCRA petition is timely filed is a jurisdictional question that must be addressed as a threshold issue. [***Commonwealth v. W. Smith***, 310 A.3d [94,] at 102 [(Pa. 2024)]. Generally, a petition seeking relief pursuant to the PCRA must be filed "within one year of the date the judgment becomes final" and "a judgment becomes final at the conclusion of direct review, including discretionary review ... or at the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9545(b)(1), (3).

"If a petition is filed while a direct appeal is pending, the PCRA court should dismiss it without prejudice towards the petitioner's right to file a petition once his [or her] direct appeal rights have been exhausted." ***Commonwealth v. Williams***, 215 A.3d 1019, 1023 (Pa. Super. 2019) (citation omitted); ***see also Commonwealth v. S. Smith***, 244 A.3d 13, 16 (Pa. Super. 2020) (explaining that a defendant's PCRA petition filed "while [a] petition for [allowance of appeal] was pending in the Pennsylvania Supreme Court" "was clearly premature"). In the event that a PCRA petition is filed while a direct appeal is pending, this Court has held that "the PCRA court ha[s] no jurisdiction to 'hold' the premature filing until the appeal [is] denied." ***S. Smith***, 244 A.3d at 16.

Subsequently, our Supreme Court recognized an exception to the practice of dismissing premature PCRA petitions where a direct appeal is "facially untimely[.]" ***W. Smith***, 310 A.3d at 103.[7]

***Commonwealth v. Clevenger***, 341 A.3d 135, 2025 WL 1836987, *2 (Pa. Super. 2025) (non-precedential decision).[8]

_____

[7]   Such exception, however, is not implicated herein where Appellant undisputedly filed a timely direct appeal.

[8]   Non-precedential decisions filed by this Court after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

"Under Pennsylvania Rule of Appellate Procedure 1701(a), the filing of a notice of appeal divests the trial court of jurisdiction." ***Commonwealth v. Harris***, 230 A.3d 1124, 1126 (Pa. Super. 2020) (internal citation and quotations omitted). "Except in situations not applicable here, Rule 1701(a) dictates that, after an appeal is taken ... the trial court ... may no longer proceed further in the matter." ***Id.***, *citing* Pa.R.A.P. 1701. Moreover, pertinent here, the Pennsylvania Rule of Appellate Procedure 2572 governs remand and remittance of the certified record, providing that "[r]emand [from this Court and back to the trial court] is stayed until disposition of … an application for reargument … or a petition for allowance of appeal from the order." Pa.R.A.P. 2572(b). "The court possessed of the record shall remand 30 days after either the entry of a final order or the disposition of all post-decision applications, whichever is later." ***Id.*** Generally, when interpreting Rule 2572, our Court notes that the rule

> does nothing more than set a minimum as to when the record may be remanded. Quite simply, the [P]rothonotary may remand the record any time after thirty days have passed from [] judgment.
>
> *          *          *
>
> The rule was not enacted to force the Prothonotary [] to remand the record on the thirty-first day.

***Commonwealth v. Sisneros***, 692 A.2d 1105, 1109 (Pa. Super. 1997). "Under Appellate Rules 1701 and 2572, a trial court has no jurisdiction over a case until an appellate court returns the record to it with instructions for the trial court to proceed." ***Harris***, 230 A.3d at 1127.

Upon review, including verification of the dates when the certified record in the case was remitted to both our Court and the trial court, we discern no abuse of discretion in denying Appellant's PCRA petition and affirm the trial court's determination that it lacked jurisdiction over Appellant's *pro se* PCRA petition. Here, on September 20, 2023, while on direct appeal, Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania as detailed above. The Supreme Court denied review by order entered on February 20, 2024, and remitted the certified record to this Court on March 12, 2024. Appellant filed a *pro se* application for Supreme Court reconsideration on March 26, 2024, which was denied on May 22, 2024. As noted, Appellant also filed a *pro se* application for specialized review and emergency relief with this Court on February 29, 2024, which was denied by order on April 3, 2024. Ultimately, as confirmed by our Prothonotary, this Court finally remitted the certified record to the trial court on April 25, 2025. Appellant filed the *pro se* PCRA petition currently at issue on February 6, 2025, after our Supreme Court denied further review on direct appeal but before the trial court received the remitted record or instructions from this Court as to how to proceed.[9] In this procedural posture, the trial court lacked jurisdiction

---

[9] Although it appears that Appellant filed his *pro se* PCRA petition within one year that his judgment of sentence became final after the Supreme Court denied review of his direct appeal, there are two distinct and separate jurisdictional determinations implicated herein. Even if Appellant's *pro se* PCRA petition were timely, without the certified record the trial court simply could not act, and it was not permitted to hold Appellant's premature PCRA
*(Footnote Continued Next Page)*

to address Appellant's petition under **Harris.** As such, Appellant filed his *pro se* PCRA petition prematurely, the trial court lacked authority to hold the petition in abeyance until the direct appeal was fully resolved and the record was returned, and, thus, the trial court correctly dismissed Appellant's PCRA petition without prejudice. Accordingly, in the absence of jurisdiction, neither the trial court nor this Court could review the substantive merits of Appellant's PCRA claims, including his request for recusal.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2026

_____

petition until the conclusion of his direct appeal. Moreover, should Appellant file a new PCRA petition (if he has not already), he is entitled to the assistance of counsel, even if the petition appears facially untimely:

> It is undisputed that first-time PCRA petitioners have the right to counsel under our Rules of Criminal Procedure. Moreover, an indigent petitioner is entitled to appointment of counsel on his first PCRA petition, even where the petition appears untimely on its face. In cases that appear to be untimely, counsel is principally appointed to determine whether any exceptions to the timeliness requirements of the PCRA apply.

***Commonwealth v. Min***, 320 A.3d 727, 730 (Pa. Super. 2024). We note, however, that without jurisdiction and the return of the certified record, the trial court did not err in dismissing Appellant's premature *pro se* PCRA petition without first appointing PCRA counsel.

- 9 -